1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**CENTRAL DISTRICT OF CALIFORNIA**

10
11

CHARLIE BELLS, JR.,

CASE NO. 5:16-cv-1598-DMG (SK)

12

Plaintiff,

**AMENDED SCHEDULING ORDER**

13
14

v.

15

GROVES, et al.,

16

Defendants.

17      The Court finds good cause to amend the Scheduling Order previously
18 issued in this case (ECF No. 40) given the issues with completing service of
19 process on Defendant Groves.  (ECF Nos. 50, 51).  This Amended Scheduling
20 Order controls the subsequent course of the action unless modified by the
21 Court.  It may be modified only for good cause and with the consent of the
22 Court.  The parties are hereby ordered to comply with the following
23 instructions and adhere to the deadlines and schedules that follow.

24      1.      <u>Answer</u>

25 Defendant Groves shall answer or respond to the Second Amended
26 Complaint by or before **<u>Monday, August 27, 2018</u>**.

27      2.      <u>Deadline for Amending Pleadings or Adding Parties</u>

28 The time to serve Defendants Florez and Smith has passed, and

Plaintiff has not established good cause for the failure to effect timely service. *See* Fed. R. Civ. P. 4(m); *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990). Those unserved defendants are thus subject to dismissal upon entry of judgment. *See McInerney v. City & Cnty. of San Francisco*, 466 Fed. App'x 571, 572 (9th Cir. 2012). The deadline for amending the pleadings or adding parties is **Friday, September 28, 2018**. No further amendments will be permitted after that date without prior approval of the Court for good cause shown.

      3.   <u>Case Status Report</u>

      Each party must file and serve a Case Status Report on or before **Friday, October 12, 2018**. Counsel for any Defendant may draft and file a Joint Case Status Report, if desired and feasible, so long as the Plaintiff has an opportunity to review and agrees to its contents by jointly signing the report. The Case Status Report, individual or joint, must contain:

      A.   A summary of the proceedings to date and a brief description of the principal factual and legal issues raised in this case.

      B.   A statement of the parties' discovery plans, including the completion of discovery to date, anticipated discovery to be conducted before the cut-off date, and any discovery disputes or motions likely to be presented to the Court.

      C.   Other than discovery motions already described, a description of any other motions that the parties anticipate filing. If any defendant does not intend to file a case-dispositive motion, a statement to that effect shall be provided.

      D.   An explanation of the likelihood of settlement, a description of any settlement negotiations that have occurred, and a statement of additional anticipated settlement methods to be used before trial.

E.     The number of witnesses anticipated to testify at trial, and the nature of any expert witness testimony to be presented at trial.

F.     The parties' time estimate for trial, whether the matter will be a jury or bench trial, and whether trial by jury, if desired, has been properly requested.

G.     Any other information that the parties deem important which would facilitate the just and speedy determination of this case.

4.     <u>Discovery</u>

Discovery is the process by which the parties request information from each other about their claims and defenses.  Except as otherwise specifically provided in this Order, discovery is governed by the Federal Rules of Civil Procedure and applicable Local Civil Rules of the Court.  <u>Pro se</u> litigants are entitled to discovery to the same extent as are litigants represented by counsel.

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense **and** proportional to the needs of the case.  *See* Fed. R. Civ. P. 26(b)(1).  A party may serve written questions in the form of Interrogatories (Fed. R. Civ. P. 33), written Requests for Admissions of facts (Fed. R. Civ. P. 36), and written Requests for the Production of Documents or Things (Fed. R. Civ. P. 34) in compliance with the Federal Rules of Civil Procedure.  A party may also conduct Depositions (Fed. R. Civ. P. 30), which are question-and-answer sessions recorded by a court reporter.  Pursuant to Rule 30(a)(2), leave of court is hereby given to depose a plaintiff confined in prison for a maximum of one day.

Each party must bear their own cost of conducting discovery.  The Court is not involved in the discovery process between and among the parties; Rule 5(d) of the Federal Rules of Civil Procedure <u>prohibits</u> filing discovery materials with the Court unless required for use in a proceeding or

3

1  motion.

2       All discovery in this action – including expert discovery – must be

3  completed by or before **Friday, December 21, 2018**.  Discovery taken by

4  deposition is complete when questioning ceases.  Discovery taken by written

5  request (interrogatories, requests for production of documents and things,

6  and requests for admissions) is complete on the date when the written

7  response to the request is due.  The parties are encouraged to serve discovery

8  requests promptly to ensure the completion of depositions, production of

9  records, and return of other written discovery by the discovery cut-off date.

10  No discovery may be conducted after that date without prior approval of the

11  Court for good cause shown.  The Court may order a complete or partial stay

12  of discovery in appropriate circumstances, including where a defense of

13  qualified immunity is raised.

14       5.   Motions

15       Discovery motions must be filed and served by or before **Friday,**

16  **January 25, 2019**.  A discovery motion shall not refer the Court to other

17  documents, shall contain verbatim each disputed discovery request and each

18  disputed response in the case of written discovery, shall state briefly with

19  respect to each disputed issue the moving party's position and any relevant

20  legal authority, and shall specify the type of order or relief sought.  The

21  parties shall make all reasonable efforts in writing between themselves to

22  resolve discovery disputes without resort to motion practice.  If a discovery

23  motion is filed, an opposition must be filed within 21 days from service of

24  the motion.  No reply may be filed without leave of Court.  Discovery

25  motions will be considered on the papers without hearing, unless otherwise

26  ordered by the Court.

27       If the parties believe that a conference with the Court may resolve the

28  dispute without need for discovery motion practice, they may request a

4

telephonic conference by contacting the clerk of the Court who will provide further instructions; however, the decision to hold such a conference remains in the sole discretion of the Court.

All other substantive motions (including motions for summary judgment) must be filed and served by or before **<u>Friday, February 15, 2019</u>**.  Any opposition to the motion must be filed within 21 days from service of the motion.  Any reply must be filed within 14 days from service of the opposition, unless otherwise ordered by the Court.  Motions will be considered on the papers without hearing unless otherwise ordered by the Court.

The failure to file a timely opposition to a motion may constitute that party's consent to relief sought pursuant to Local Civil Rule 7-12 and/or result in a recommendation that this action be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  *See Heinemann v. Satterberg*, 731 F.3d 914, 916 (9th Cir. 2013).

6.   <u>Compliance with Federal Rules of Civil Procedure and Local Rules of Court</u>

All parties must comply with the Federal Rules of Civil Procedure and the Local Civil Rules of the Court.  All counsel and <u>pro se</u> parties are bound by Federal Rule of Civil Procedure 11, including the provision allowing the Court to impose sanctions for violations of those rules.

If Plaintiff is in custody and proceeding <u>pro se</u>, the parties do not need to comply with the following Local Rules or need only comply with them to the extent specified below:

- Rules 7-3 (conference of counsel prior to the filing of motions), 7-14 (appearances at hearing), and 7-15 (waiver of oral argument);
- Rules 16-2 (but only to the extent that it requires the parties to meet in person), and 16-7 (but only to the extent that it requires plaintiff

to prepare and lodge the pretrial conference order; defendant(s) must prepare and lodge the order in good faith);

- Rule 26-1 (conference of parties and report pursuant to Fed. R. Civ. P. 26(f)); and

- Rules 37-1 (pre-filing conference of counsel for discovery motions, except as indicated in this order), 37-2 (joint stipulation for discovery disputes, except as indicated in this order), and 37-3 (hearing on discovery motions).

It is Plaintiff's responsibility to notify the Court and defense counsel of any change of address and the effective date of the change.  Under Local Rule 41-6, if mail directed by the Clerk to a *pro se* plaintiff's address of record is returned undelivered by the Postal Service, and if, within fifteen days of the service date, such plaintiff fails to notify, in writing, the Court and opposing parties of his current address, the Court may dismiss the action with or without prejudice for want of prosecution.

**IT IS SO ORDERED**.

DATED:  August 6, 2018

HON. STEVE KIM
U.S. MAGISTRATE JUDGE